FAINTUCK v OAKLAND COUNTY TREASURER.

(FAINTUCK v DOHANY)

CRIMINAL LAW—DISTRICT COURTS—ASSIGNED COUNSEL—ATTORNEY FEES—COUNTY OBLIGATIONS.

A county is obligated to pay the entire attorney fee ordered by a judge of a third-class district for an attorney appointed to represent an indigent defendant charged with a violation of state law that is cognizable by district courts, municipal courts, recorder's court, and traffic and ordinance division of recorder's court in those instances where neither fine nor costs are assessed.

Appeal from Oakland, John N. O'Brien, J. Submitted Division 2 April 2, 1974, at Detroit. (Docket No. 17427.) Decided May 30, 1974.

Complaint by Jeffrey G. Faintuck against C. Hugh Dohany, Treasurer of Oakland County, and Roman J. Gronkowski, Treasurer of the City of Southfield, for mandamus to compel payment of attorney's fees for representing indigents in district court. Judgment for plaintiff against the defendant Southfield City Treasurer and judgment for defendant Oakland County Treasurer dismissing complaint. Defendant Southfield City Treasurer appeals. Reversed and remanded for issuance of a writ of mandamus to the Oakland County Treasurer.

*Faintuck, Schwedel, Roether, Wolfram & Mc-Donald,* for plaintiff.

*Donald F. Slavin,* for defendant Oakland County Treasurer.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 348.

*Sigmund A. Beras,* for defendant Southfield City Treasurer.

Before: DANHOF, P. J., and QUINN and V. J. BRENNAN, JJ.

QUINN, J. Plaintiff was appointed as attorney for two indigent defendants charged with misdemeanors under state law. Both prosecutions were handled by the Oakland County Prosecuting Attorney. The appointment was by a judge of the 46th district court, a third-class district. At the conclusion of plaintiff's service, the district judge issued the following certificate in each case:

"I hereby certify that Attorney Jeffrey Faintuck was duly appointed by said Court to conduct the defense of said respondent at the expense of said County of Oakland and that he has rendered such service, and having filed the affidavit required by law in the premises is entitled to be paid by the Treasurer, County of Oakland, State of Michigan, out of the treasury thereof the sum of One Hundred ($100.00) Dollars, which amount is deemed by me to be reasonable compensation for the services performed."

Plaintiff forwarded the certificates to the County Treasurer and requested payment. On advice of counsel, the County Treasurer declined payment. Plaintiff then made demand for payment on the Southfield City Treasurer. When the latter declined payment, plaintiff filed this action for mandamus against both treasurers.

At trial and in this Court, no one contests plaintiff's right to compensation or the amount thereof. Each defendant contends that under Supreme Court administrative order no. 1972-4, 387 Mich xxx (1972), the other was obligated to pay the attorney fees. The trial court ordered a writ of

mandamus directed to the Southfield City Treasurer requiring him to pay the entire amount of the attorney fees. This appeal followed.

The record before us does not disclose this fact, but at oral argument, counsel for all parties agreed that no fine or costs were assessed against either defendant represented by plaintiff. The narrow issue presented for decision is accurately stated as: what governmental unit is obligated to pay the attorney fee ordered by a third-class district judge for an attorney appointed to represent an indigent defendant charged with a misdemeanor under state law when no fine or costs are assessed against the defendant?

After authorizing the district and other courts to appoint counsel for indigent defendants charged with an offense cognizable by those courts and punishable by incarceration upon conviction thereof, the pertinent language of Supreme Court administrative order no. 1972-4 reads:

> "It is further ordered that assigned counsel, by order of the appointing court, shall be reasonably compensated. The costs of compensating assigned counsel shall be allocated between the district control unit, municipality or county in the same proportion that fines and court costs are distributed, as provided by law."

MCLA 600.8379; MSA 27A.8379 provides for distribution of fines and costs. The pertinent language is:

> "(a) All fines imposed for violation of a penal law of the state shall be paid to the county treasurer and applied for library purposes as provided by law.
> "(b) In districts of the first and second class all costs imposed for violation of a penal law of this state shall be paid to the treasurer of the county in which the action was commenced. *In districts of the third class all costs imposed for violation of a penal law of this state*

*shall be paid to the treasurer of the political subdivision where the guilty plea was entered or where the trial took place.*" (Emphasis supplied.)

Administrative order no. 1972-4 can have no application to a case in which neither fine nor costs are assessed. There is no way to "allocate costs in the same proportion that fines and court costs are distributed as provided by law" unless the amounts of the fines, the costs, or the fines and costs are known. This is so apparent that we conclude that the Supreme Court only intended the order to apply when a fine, court costs, or fine and costs were assessed.

Absent any other guidelines, we find that the county is obligated to pay the entire attorney fee ordered by a third-class district judge for an attorney appointed to represent an indigent defendant charged by the prosecuting attorney with a violation of state law that is cognizable by district courts, municipal courts, recorder's court, and traffic and ordinance division of recorder's court in those instances where neither fine nor costs are assessed.

Reversed and remanded for issuance of a writ of mandamus to the Oakland County Treasurer, if that becomes necessary. No costs are awarded, a public question being involved.

All concurred.